NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-15-0000461
20-SEP-2016
08:21 AM

NO. CAAP-15-0000461

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee, v.
GEORGE FUKUOKA, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE SECOND CIRCUIT
MOLOKAʻI DIVISION
(CASE NO. 2DTA-14-01165)

SUMMARY DISPOSITION ORDER
(By:  Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

        Defendant-Appellant George Fukuoka (Fukuoka) appeals
from the Notice of Entry of Judgment and/or Order and
Plea/Judgment, entered on April 14, 2015, in the District Court
of the Second Circuit, Molokaʻi Division (District Court).[1]

        On October 22, 2014, Fukuoka was charged with Operating
a Vehicle Under the Influence of an Intoxicant (OVUII) in
violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3)
(Supp. 2015), Inattention to Driving in violation of HRS § 291-12
(Supp. 2015), Reckless Driving of Vehicle in violation of HRS §
291-2 (2007), Duty Upon Striking Unattended Vehicle or Other
Property in violation of HRS § 291C-15 (Supp. 2015), and Lack of
Due Care in violation of Maui County Code § 10.52.010.

---

[1]    The Honorable Kirstin M. Hamman presided.

On April 14, 2015, upon a motion by Fukuoka, the District Court dismissed all charges without prejudice for violation of Rule 48(b) of the Hawai'i Rules of Penal Procedure (HRPP).[2]

On appeal, Fukuoka contends the District Court erred by dismissing the charges without prejudice instead of with prejudice.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Fukuoka's point of error as follows:

In State v. Estencion, 63 Haw. 264, 625 P.2d 1040 (1981), the supreme court mandated that "the seriousness of the offense; the facts and the circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice" be considered in deciding whether to dismiss a case with or without prejudice. Id., at 269, 625 P.2d at 1044 (citation omitted). "A trial court's ruling on a motion to dismiss an indictment is reviewed for an abuse of discretion." State v. Mendonca, 68 Haw. 280, 283, 711 P.2d 731, 734 (1985).

---

[2] HRPP Rule 48(b) provides, in pertinent part:

(b) By court. Except in the case of traffic offenses that are not punishable by imprisonment, the court shall, on motion of the defendant, dismiss the charge, with or without prejudice in its discretion, if trial is not commenced within 6 months:

(1) from the date of arrest if bail is set or from the filing of the charge, whichever is sooner, on any offense based on the same conduct or arising from the same criminal episode for which the arrest or charge was made; or

(2) from the date of re-arrest or re-filing of the charge, in cases where an initial charge was dismissed upon motion of the defendant; or

(3) from the date of mistrial, order granting a new trial or remand, in cases where such events require a new trial.

[3] Although Fukuoka appealed from the order denying his motion for reconsideration, he did not challenge this order in his points on appeal nor did he present any argument stating why the order was entered in error. Therefore, he has waived any challenge to the May 26, 2015 Order denying his motion. Hawai'i Rules of Appellate Procedure Rule 28(b)(4), and (7).

On appeal, Fukuoka argues that the offenses charged are not serious under the Estencion analysis.

Fukuoka cites federal cases which hold that misdemeanors are not considered serious offenses for purposes of the Speedy Trial Act. Thus, Fukuoka argues that since the charges against him were petty misdemeanors, the District Court erred by holding that the charges were serious under its Estencion analysis. Fukuoka also claims that numerous courts have ruled that using the maximum punishment prescribed by statute is the proper measure of the severity of the crime under the Speedy Trial Act. However, Fukuoka has failed to present any authority supporting the proposition that possible penalty alone determines whether a crime is serious for HRPP Rule 48 purposes, and we find none.

Prior to the enactment of HRS Chapter 291E in 2000, HRS § 291-4 defined the offense of Driving Under the Influence of Intoxicating Liquor (DUI). State v. Wheeler, 121 Hawai'i 383, 392-93 n.11, 219 P.3d 1170, 1179-80 n.11 (2009). In State v. Leatiota, 69 Haw. 253, 739 P.2d 930 (1987), the court held that the offense of DUI was not subject to the time limitations of HRPP Rule 48 because it was deemed a traffic offense. Yet, the court stated that although the offense was exempted by statute, it was nonetheless "a serious crime." Id.

In State v. Nakata, 76 Hawai'i 360, 374, 878 P.2d 699, 713 (1994), the court held that defendants charged with violating HRS § 291-4 for the first time were not entitled to a jury trial because it was a "constitutionally petty offense."

However in State v. Lau, 78 Hawai'i 54, 62, 890 P.2d 291, 299 (1995) the court held that a charge of DUI under HRS § 291-4 fell within the scope of HRPP Rule 48, reversing Leatiota. The court held that the purpose of HRPP Rule 48 was to ensure the speedy resolution of cases where a person is charged with a criminal offense and subject to a possible term of imprisonment. Id. at 60, 890 P.2d at 297. Thus, HRPP Rule 48 was made applicable to a traffic offense where there was a possibility of imprisonment. Id. at 61, 890 P.2d at 298. However, "HRPP Rule 48 is 'separate and distinct' from its

constitutional counterparts.'" Id. "A violation of HRPP Rule 48 entitles the defendants to have the trial court dismiss the charges against them with or without prejudice." Id. at 62, 890 P.2d at 299 (internal quotation marks omitted). Whereas, the only remedy for a violation of a defendant's constitutional right to a speedy trial is dismissal with prejudice. Id.

Nakata and Lau demonstrate that the seriousness of an offense with respect to HRPP Rule 48 is not related to whether the offense is constitutionally petty. Lau specifically included a first time DUI within the scope of HRPP Rule 48 after Nakata precluded the right to a jury trial for the same offense. A violation of HRPP Rule 48 is not equivalent to a violation of a constitutional right to speedy trial. Thus, the fact that an offense is constitutionally petty does not determine whether an offense is serious under Estencion.

In State v. Kim, 109 Hawai'i 59, 66, 122 P.3d 1157, 1164 (App. 2005), this court affirmed the dismissal of a felony charge without prejudice for violation of HRPP Rule 48. Citing United States v. Pierce, 17 F.3d 146, 149 (6th Cir. 1994), this court held that the trial court reasonably considered the Estencion factors and properly balanced them when it rejected the defendant's claims that a class C felony was not a serious offense. Id. at 62-64, 122 P.3d at 1160-62.

In Pierce, the court rejected the defendant's argument that the federal sentencing guidelines should be used to determine whether or not the offense was "serious" for a violation of the Speedy Trial Act by stating:

> While a primary method of judging the seriousness of an offense is by comparing it to other crimes, that does not mean that a mechanical test based upon the Guidelines must be used to label an offense "serious" or "not serious." Rather, the Speedy Trial Act's requirement that courts must consider "the seriousness of the offense" simply demands that the gravity of the crime be carefully considered as a factor in deciding whether to dismiss without prejudice. There are many crimes more serious than Pierce's income tax evasion, as well as many less serious. The district court reasonably considered this factor and properly balanced it with the other factors.

Pierce, 17 F.3d at 148-49.

Similar to Pierce, Fukuoka claims that the possible punishment should determine whether his offenses were serious. As the Pierce court indicated, such a mechanical test should not be used to classify an offense as serious. Id. Federal courts have affirmed that the trial court may consider the maximum possible punishment when determining the seriousness of an offense. United States v. Howard, 218 F.3d 556, 561 (6th Cir. 2000); United States v. Koory, 20 F.3d 844, 847 (8th Cir. 1994); United States v. Melquizo, 824 F.2d 370, 371 (5th Cir. 1987); United States v. Simmons, 786 F.2d 479, 485 (2d Cir. 1986). However, other federal courts have also affirmed that offenses were serious based upon other factors. United States v. Brown, 770 F.2d 241, 244 (1st Cir. 1985) (distribution of substantial amount of a hard drug is a serious and grave offense against society as a whole); United States v. Kiszewski, 877 F.2d 210, 214 (2d Cir. 1989) (charge of making false statements is serious because it strikes at the heart of administering criminal law); Pierce, 17 F.3d at 148 (income tax evasion is serious due to important duty to obey and need to enforce tax law compliance). Making the maximum possible punishment determinative of the seriousness of an offense unnecessarily curtails the trial court's discretion to evaluate the gravity of the crime. Consideration of the maximum possible punishment is merely one measure of the gravity of the offense. Howard, 218 F.3d at 561 (maximum sentence of life imprisonment for aggravated sexual assault underscores the gravity which it was viewed by Congress). Thus, the maximum possible punishment may be used in the Estencion factor analysis but is not determinative.

In addition, when determining whether offenses are serious, the trial court may consider the combination of the charges in its Estencion analysis. United States v. Dessesaure, 556 F.3d 83, 85-86 (1st Cir. 2009) (offenses charged were serious when combination of drug trafficking and guns has imposed a grim toll on society); Koory, 20 F.3d at 846-47 (offenses of using and carrying firearm during drug trafficking crime and possession of

cocaine with intent to distribute were serious offenses when gun used in a drug trafficking offense).

In this case, the District Court concluded that although the charges were petty misdemeanors, all of the offenses were serious, the offenses were inextricably tied to the OVUII charge, and that OVUII was a serious offense because it could result in significant harm to life and property by way of vehicular accidents due to intoxicated driving. The District Court could have properly concluded that the gravity of the charges taken as a whole were more serious than any of the charges considered separately. Therefore, this court cannot conclude that the District Court abused its discretion in finding that the offenses were serious. Consequently, the District Court did not err by dismissing the charges against Fukuoka without prejudice.

Fukuoka also argues that the District Court may have been "improperly influenced with numerous, unverified hearsay about the underlying factual allegations of the case instead of focusing on the charges and the legislature's determination of their seriousness by their respective maximum penalties." However, the authority upon which Fukuoka relies does not prohibit consideration of the facts of the case itself in determining the seriousness of the offenses. Moreover, as neither the transcript Fukuoka presents nor the District Court's findings of fact and conclusions of law indicate reliance on the "underlying factual allegations", Fukuoka's argument is unsupported by this record.

Fukuoka points to the prosecution's refiling of the charges before his reconsideration motion was decided. However, he has not made a cogent argument regarding how this fact relates to the Estencion factors, and we reject it.

Similarly, Fukuoka has failed to show how his remaining arguments, which appear to be challenges to the prosecution's

arguments below, support his challenge to the District Court's conclusions of law and we therefore find them without merit.

Therefore,

IT IS HEREBY ORDERED that the Notice of Entry of Judgment and/or Order and Plea/Judgment, entered on April 14, 2015 in the District Court of the Second Circuit, Moloka'i Division, is affirmed.

DATED: Honolulu, Hawai'i, September 20, 2016.

On the briefs:

Hayden Aluli,
for Defendant-Appellant.

Artemio C. Baxa,
Special Deputy Prosecuting
Attorney,
County of Maui,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge